# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JONOTHAN E. PRATHER,** | : | **CIVIL NO. 1:18-CV-973** |
| Petitioner | : | (Chief Judge Conner) |
| v. | : | |
| **ROBERT GILMORE,** *et al.*, | : | |
| Respondents | : | |

## **MEMORANDUM**

On February 22, 2012, petitioner Jonothan Prather ("Prather"), pled guilty to one count of first degree murder in the Court of Common Pleas of Potter County, Pennsylvania. See https://ujsportal.pacourts.us, electronic docket number CP-53-CR-0000004-2012. On March 26, 2012, Prather was sentenced to life imprisonment without the possibility of parole. Id. On April 15, 2018, Prather filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his underlying sentence. (Doc. 3). For the reasons set forth below, the petition will be denied as untimely.

I.   **<u>State Court Proceedings</u>**[1]

On February 22, 2012, Prather pled guilty to one count of first-degree murder for the June 2011 shooting death of another individual. <u>See</u> https://ujsportal.pacourts.us, electronic docket number 53-CR-0000004-2012; <u>see also</u> <u>Commonwealth v. Prather</u>, 2017 WL 1366141, *1 (Pa. Super. 2017). Prather was born on September 3, 1991 and was nineteen (19) years old at the time of the murder. <u>Id.</u> On March 26, 2012, the trial court sentenced Prather to life imprisonment without the possibility of parole. <u>Id.</u> Prather did not file a direct appeal. <u>Id.</u>

On June 25, 2014, Prather filed his first *pro se* petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46. <u>Id.</u> Prather argued that he was entitled to relief under <u>Miller v. Alabama</u>, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012). In <u>Miller</u>, the United States Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" <u>Id.</u> at 465. In the PCRA petition, Prather argued that, although his chronological age was nineteen (19) years at the time of the crime, his brain was still immature, and he should be treated as a juvenile. <u>See</u>

---

[1] A federal habeas court may take judicial notice of state court records. <u>Montanez v. Walsh</u>, 2014 WL 47729, at *4 n.2 (M.D. Pa. Jan. 7, 2014); <u>see also</u> <u>Reynolds v. Ellingsworth</u>, 843 F.2d 712, 714 n.1 (3d Cir. 1988). Accordingly, in reviewing this petition, the court takes judicial notice of the publicly available dockets of criminal and collateral post-conviction proceedings in the Court of Common Pleas of Potter County, the Superior Court of Pennsylvania, and the Supreme Court of Pennsylvania.

Commonwealth v. Prather, 2017 WL 1366141, at *1 n.2.  On March 3, 2015, the PCRA court dismissed the petition as untimely and found that Prather's claim under Miller was inapplicable.  Id. at *1.  Prather did not file an appeal with the Pennsylvania Superior Court.  Id.

On March 24, 2016, Prather filed his second *pro se* PCRA petition arguing that he was entitled to relief under Miller and Montgomery v. Louisiana, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016)[2].  Id. at *1-2.  On April 19, 2016, the PCRA court dismissed the petition as untimely.  Id.  On May 16, 2016, Prather filed an appeal with the Pennsylvania Superior Court.  See https://ujsportal.pacourts.us/DocketSheets/Appellate.aspx, electronic docket number 734 WDA 2016.  On April 13, 2017, the Pennsylvania Superior Court affirmed the PCRA court's decision dismissing the petition.  Id.; see also Commonwealth v. Prather, 2017 WL 1366141 at *2.  The Superior Court found that the trial court lacked jurisdiction to consider Prather's petition because it was untimely, and affirmed the trial court's decision that Miller was inapplicable because it does not apply to individuals who were eighteen (18) or older at the time they committed murder.  Id. at *2.  On July 18, 2017, Prather filed a petition for allowance of appeal with the Pennsylvania Supreme Court.  See https://ujsportal.pacourts.us/DocketSheets/Appellate.aspx, electronic docket

---

[2] In Montgomery, the United States Supreme Court held that Miller's prohibition on mandatory life without parole for juvenile offenders announced a new substantive rule that, under the Constitution, is retroactive in cases on state collateral review.  Montgomery v. Louisiana, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016).

3

number 434 WAL 2017.  On April 3, 2018, the Pennsylvania Supreme Court denied the petition for allowance of appeal.  Id.; see also Commonwealth v. Prather, 183 A.3d 976 (Table) (Pa. 2018).

On April 15, 2018, Prather filed the instant federal habeas petition.  (Doc. 3).

## II. Discussion

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).  See 28 U.S.C. § 2244(d)(1).  Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999).

Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does

4

not become final until appeals have been exhausted or the time for appeal has expired. See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).

Prather was sentenced on March 26, 2012. See https://ujsportal.pacourts.us, electronic docket number 53-CR-0000004-2012. No direct appeal was filed. Prather's time for pursuing a direct appeal expired on April 25, 2012, at which time his judgment became final. See Nara, 264 F.3d at 314; 28 U.S.C. § 2244(d)(1)(A). The one-year period for the statute of limitations commenced running as of that date. Hence, the federal petition, which was filed on April 15, 2018, is patently untimely. However, the court's analysis does not end here; consideration of both statutory and equitable tolling must be undertaken.

A. **Statutory Tolling**

Section 2244(d)(2) tolls the one-year statute of limitations with respect to the "time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2) (emphasis added). The statute of limitations began running on April 25, 2012 and expired on April 25, 2013. Prather did not file his first PCRA petition until June 25, 2014, more than one year after the expiration of the statute of limitations. Because Prather's one-year statute of limitations to file a federal habeas petition had already expired, the filing of his PCRA petition had no effect on his federal limitations period. See Long v. Wilson, 393 F.3d 390, 394-95 (3d Cir. 2004) (finding that the PCRA petition had no effect on tolling because "the limitations period had already run when it was filed").

Prather acknowledges that, on its face, his petition was not filed in a timely manner, but argues that the tolling provision of 28 U.S.C. § 2244(d)(1)(C) extended the statute of limitations. (Doc. 3 at 15; Doc. 20). In the habeas petition, Prather again argues that Miller created a new rule of federal constitutional law of retroactive application that is relevant to his case. (Id.) As stated *supra*, the Miller Court held that sentences of mandatory life imprisonment without parole imposed upon juveniles who were under the age of eighteen (18) at the time they committed murder were unconstitutional. Miller, 567 U.S. 460. Prather acknowledges that he was nineteen (19) years old at the time he committed the relevant crime. (Doc. 20). However, he argues that "[t]he fact that the Supreme Court set the age of 18 as the deciding line for 'adulthood' should not be seen as completely controlling since nothing was ever spoken about not extending the age to 18, 19, or even 20." (Id. at 5). The Supreme Court in Miller did not extend its rationale or holding beyond application to juveniles, and by its plain language the Court excluded application of its holding to individuals eighteen (18) years of age or older. Miller, 567 U.S. at 465. Thus, district courts within the Third Circuit have routinely rejected arguments that Miller granted any new constitutional protections to individuals eighteen (18) years of age or older. See, e.g., Pritchard v. Wetzel, 2014 WL 199907, *3 (E.D. Pa. Jan. 16, 2014) (collecting cases). Based upon the plain language employed by the Supreme Court in Miller, no new constitutional right was created that would be applicable to Prather, who was nineteen (19) years of age at the time of his crime. Consequently, the AEDPA statute of limitations is not subject to statutory tolling. As such, Prather must establish that he is entitled to sufficient equitable tolling of

the AEDPA's limitations period in order for his habeas petition to be considered timely filed.

### B. Equitable Tolling

Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006); LaCava v. Kyler, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. See Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003). Generally, a litigant seeking equitable tolling must establish the following two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005).

With respect to the diligent pursuit of rights, petitioner must demonstrate that he or she exercised reasonable diligence in investigating and bringing the claims. See Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. See LaCava, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000) (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights

7

mistakenly in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim. See Jones, 195 F.3d at 159; Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).

Prather presents no evidence to account for the delay in seeking relief in federal court. (See Docs. 3, 20). Nor does he indicate that extraordinary circumstances obstructed his pursuit of post-conviction relief. Therefore, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

## III.  **Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its

procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the disposition of this case debatable. Accordingly, a COA will not issue.

## IV. Conclusion

For the reasons set forth above, the petition for writ of habeas corpus will be denied as untimely.

An appropriate order will issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated: January 17, 2019